**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAYNA WORKMAN, | ) | CASE NO.  5:16-cv-156 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| UNIVERSITY OF AKRON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant University of Akron ("defendant" or "University") to dismiss the complaint of plaintiff Dana Workman ("plaintiff" or "Workman") pursuant to Fed. R. Civ. P. 4(m), and 12(b)(2) and (5). (Doc. No. 16 ["Mot."].) Plaintiff has opposed the motion (Doc. No. 18 ["Opp'n"]), to which defendant has replied (Doc. No. 19 ["Reply"]). For the reasons that follow, the motion is denied.

## I. BACKGROUND

Plaintiff was formerly a student in defendant's Marriage and Family Counselling program. She alleges that defendant discriminated against her with respect to participation in the program, and ultimately terminated her from the program, because of her gender and pregnancy in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* and 34 C.F.R. § 106.40(b)(2) and (b)(5). (Doc. No. 1 ["Compl."] ¶ 66.)

The complaint was filed on January 22, 2016. Workman first attempted service upon the University on February 18, 2016, and the docket reflects that an undated return of service addressed to "University of Akron, c/o BDB Agent Company, 3800 Embassy Parkway, Suite

#300, Akron, Ohio 44333" was filed on February 25, 2016. (Doc. No. 6.) On May 4, 2016, service was again attempted, and a summons and complaint was issued to University of Akron, c/o Sydney C. Foster, Jr. J.D., Assistant Vice President and General Counsel. Service was perfected on May 9, 2016 (Doc. No. 9). Further details regarding plaintiff's attempt to serve defendant are discussed in the Court's analysis.

In the motion, defendant argues that the complaint was not served within 90 days after it was filed as required by Fed. R. Civ. P. 4(m), and plaintiff cannot establish good cause for failing to perfect timely service. Accordingly, defendant contends the case should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).

## II. DISCUSSION

### A. Fed. R. Civ. P. 4(m)

Fed. R. Civ. P. 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ***

Rule 4(m) directs the Court to undertake a two part analysis. First, the Court must determine whether plaintiff has shown good cause for the failure to effect timely service. If plaintiff has shown good cause, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if plaintiff has not shown good cause, the Court must either (1) dismiss the action without prejudice, or (2) direct that service be perfected within a

specified time. *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016) (citing *Henderson v. United States,* 517 U.S. 654, 663, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996)).

Workman's complaint was filed January 22, 2016. Service was not perfected upon the University until May 9, 2016—18 days after the 90 day period for service under Rule 4(m) expired. The Court will first consider whether plaintiff had good cause for failing to timely serve defendant.

**B. Analysis**

1. **Plaintiff has not established good cause for untimely service**

Establishing good cause is the responsibility of the party opposing the motion to dismiss, and "'necessitates a demonstration of why service was not made within the time constraints [of the Rule.]'" *Warrior Imports*, 317 F.R.D. at 69 (quoting *Habib v. GMC,* 15 F.3d 72, 73 (6th Cir. 1994)); *see also Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 521 (6th Cir. 2006). Rule 4(m) does not define "good cause," but the Sixth Circuit has repeatedly recognized that extraordinary circumstances may warrant a finding of "good cause" such that untimely service may be excused. *See e.g., Habib,* 15 F.3d at 73 (finding "good cause" where a seriously ill, *pro se* plaintiff made a good faith but flawed effort to perfect service); *Byrd v. Stone,* 94 F.3d 217, 220 (6th Cir. 1996) (vacating and remanding the judgment of the court below for dismissing the claim of a plaintiff proceeding *in forma pauperis,* where plaintiff failed to perfect service due to errors made by the court clerk and United States Marshals assigned to the task). By contrast, the Sixth Circuit has refused to find "good cause" based on vague claims of hardship or unexpected difficulties in perfecting service. *See, e.g., Nafziger,* 467 F.3d at 521–22 (personal matters

involving the welfare of counsel's children, coupled with a lack of assistance from co-counsel, did not constitute "good cause").

Plaintiff posits that she has good cause for untimely service because she made reasonable and diligent efforts to perfect service. In support, plaintiff points out that she timely effected service upon BDB Agent, Co. ("BDB Agent"), an entity which previously indicated to plaintiff that it represented the University. When plaintiff's counsel learned that BDB Agent could not accept service for the University, service was thereafter properly perfected only 18 days after the 90 day time period expired. (Opp'n at 93-94.)

With respect to plaintiff's first point, the University vigorously argues that plaintiff was told before the complaint was filed that BDB Agent could not accept service on behalf of the University. Defendant maintains that James Simon ("Simon") sent a letter to plaintiff's counsel advising that BDB Agent could not accept service for the University. Specifically, defendant quotes Simon's letter to counsel for plaintiff dated February 25, 2016, which states that "[a]s we previously communicated to you and your firm on September 14, 2015, **BDB Agent Co. is <u>not</u> the statutory agent for the University of Akron (the "University"). Accordingly, we have <u>no</u> <u>authority</u> to receive service of process on behalf of the University.**" (Doc. No. 16-1 (emphasis in original).) Defendant, however, does not provide the September 14, 2015 letter to which Simon's February 25 letter refers. The University acknowledges that "months" before the complaint was filed, Workman sent BDB Agent a demand letter regarding her claims against the University. (Reply at 100.) Simon replied to plaintiff's counsel by letter dated September 14, 2015, which plaintiff attaches to her opposition.[1] Contrary to the University's argument, this

---

[1] Both sides attach correspondence to their briefs in support of their respective arguments regarding Rule 4(m).

letter does not state that BDB Agent cannot accept service on behalf of the University. Rather, the letter states: "Enclosed is a letter we received from your firm with regard to [Dayna Workman's claims]. While we do represent the University on other matters, we are not authorized to receive this type of general correspondence on behalf of the University." (Doc. No. 18-2 at 99.)

The parties disagree as to when plaintiff's counsel received Simon's letter of February 25, 2016. Plaintiff contends that notwithstanding the date of the letter, it was not received until March 21, 2016. (Opp'n at 92.) But even assuming that plaintiff's counsel did not receive Simon's February 25 letter until March 21, more than a month passed until service was again attempted on May 4, 2016 (already beyond the 90 day time period for service required by Rule 4(m)), this time successfully.

Plaintiff offers no reason at all for her counsel's slow motion effort at service, nor does she offer any reason why an extension of time to perfect service was not sought from the Court. Inadvertent failures, mistakes, and unexpected difficulties in perfecting service do not constitute good cause for non-compliance with the requirements of Rule 4(m). *Warrior Imports*, 317 F.R.D. at 69 (citations omitted). Accordingly, the Court concludes that plaintiff has not shown good cause for failing to timely serve defendant within the 90 day time period.

**2. The Court exercises its discretion to extend the time for service**

Even in the absence of good cause for failing to timely perfect service, Rule 4(m) gives the Court discretion to extend the time for service but does not require the Court to do so. *Id*. at 70 (citations omitted). In determining whether to exercise this discretion, the factors considered by the Court include:

5

> (1) whether a significant extension of time was required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff[;] and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Id.* (quoting *Stafford v. Franklin Cnty., Ohio*, No. 2:04–CV–178, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005) (citations omitted)) (further citation omitted).

With respect to the first factor, an 18 day delay in perfecting service is not significant in light of the facts of this case. *See Rosch v. Browning Masonic Cmty., Inc.*, No. 3:07 CV 3665, 2008 WL 2365017, at *2 (N.D. Ohio June 5, 2008) (one day delay not significant) (citing *Wise v. Dep't of Def.,* 196 F.R.D. 52, 57 (S.D. Ohio 1999) (one month delay not significant)). This factor weighs in favor of extending the time for service.

As to the second factor, defendant argues that it has been prejudiced by the 18 day delay in two ways: (1) plaintiff's damages continued to accrue; and (2) the University should reasonably have been able to anticipate that plaintiff decided not to pursue the matter. While plaintiff may have been less than prompt in perfecting service, the defendant has not articulated any actual prejudice of significance resulting from the 18 day delay.[2] There has been no delay in the administration of this case due to plaintiff's tardy service. The Court conducted a case management conference and instructed the parties to proceed with scheduled dates and deadlines. (*See* July 6, 2016 Minutes of Proceedings.) The parties' joint status reports indicate that they have proceeded as instructed and without difficulty. A lack of prejudice does not

---

[2] Lack of prejudice to the defendant is insufficient to establish good cause. The aforementioned five factor analysis, however, is not used to determine whether plaintiff has established good cause for untimely service, but whether the Court should exercise its discretion to permit late service notwithstanding a lack of good cause for untimely service. *See Warrior Imports*, 317 F.R.D. at 70 n.3 (citing *Dunham–Kiely v. United States*, No. 3:08-cv-114, 2010 WL 1882119, at *5 (E.D. Tenn. May 11, 2010)).

automatically support an exercise of discretion to extend the time for service. *See Infocision Mgmt. v. Found. for Moral Law, Inc.*, Nos. 5:08 cv 1342. 5:08 cv 1412, 2009 WL 9408837, at *5 (N.D. Ohio Apr. 24, 2009) (citing *Bogle–Assegai v. Conn.,* 470 F.3d 498, 508–09 (2d Cir. 2006) (dismissal without prejudice under Rule 4(m) was not abuse of discretion even though defendant did not show any prejudice where service was not perfected in over 600 days)). Considering the circumstances of this case, however, the lack of prejudice weighs in favor of extending the time for service. The delay was short and discovery has proceeded with no indication that defendant's ability to defend the case has been compromised or made more difficult because of the delay. *See Infocision Mgmt.*, 2009 WL 9408837, at *5 (defendant prejudiced where case was actively litigated for nine months without his participation) (citing, among authority, *Bloomfield v. County of Imperial,* No. 06CV 1340, 2008 WL 45795, at *5 (S.D. Cal. Jan 2, 2008) (finding prejudice where delays in the case made it more difficult for the defendants to defend suit)).

Regarding the third factor, it is unclear whether defendant had notice of the lawsuit before service was perfected on May 9, 2016. Plaintiff notified BDB Agent of her claims and attempted service of the complaint on BDB Agent. Defendant concedes that BDB Agent represents the University on "other matters," and defendant does not argue in its motion or reply that it did not have notice of plaintiff's lawsuit. Thus, this factor weighs in favor of an extension of time for service (or, at the very least, does not weigh against it).

With respect to the fourth factor, plaintiff argues that she would be prejudiced by dismissal of the action because the statute of limitations has now run. (Opp'n at 95.) While this consideration would not provide good cause for an extension of time in the first prong of a 4(m) analysis, the Court may consider it when determining whether to exercise its discretion to extend

the time for service. *Wise*, 196 F.R.D. at 57 (citing Advisory Committee notes following Rule 4(m) ("The new subdivision ... authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.... Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action....")); *see United Prod. Sols., Ltd. v. Tara Toy Corp.*, No. 5:10CV01718, 2011 WL 3566849, at *5 (N.D. Ohio Aug. 12, 2011) (citing *Vergis v. Grand Victoria Casino & Resorts,* 199 F.R.D. 216, 217 (S.D. Ohio 2000)). Given the Advisory Committee notes to Rule 4(m), some courts have found this factor "'to be of nearly dispositive weight.'" *United Prod. Sols.,* 2011 WL 3566849, at *5 (quoting *Elec. Workers Local 58 Pension Trust Fund v. Rite Elec. Co.,* No. 10CV11815, 2010 WL 4683883, at *3 (E.D. Mich. Nov. 10, 2010)). This factor weighs in favor of extending the time for service.

With respect to the final factor, it is difficult for the Court to understand why it took 108 days for plaintiff to effect service upon a well-known institution such as the University. That said, when plaintiff learned that BDB Agent could not accept service, plaintiff acted to properly effect service before the time for service expired under Rule 4(m) (Doc. No. 7), although service was not ultimately perfected until after the time for service expired (Doc. No. 9). While the explanation of plaintiff's counsel regarding untimely service may not constitute good cause, such efforts may constitute a good faith effort to effect service. *See Zellner v. Signature Health Servs.--Mansfield, LLC*, No. 1:11-CV-2796, 2012 WL 5289584, at *2 (N.D. Ohio Oct. 25, 2012).

In determining whether to exercise its discretion to extend service, no individual factor is controlling. Rather, all the factors must be considered in combination to determine if there is a good reason to extend the time for service. *See United Prod. Sols.*, 2011 WL 3566849, at *5). In

this case, the delay in service is short and defendant has identified no lost opportunity to fully defend and litigate this case. By contrast, plaintiff may be prejudiced if the case is dismissed and, considering the equities, should not be punished for her counsel's apparent inattention to service.

Finally, the Court considers the preference in this Circuit to resolve cases on the merits. *See Searcy v. Cnty. of Oakland*, 735 F. Supp. 2d 759, 770–71 (E.D. Mich. 2010) ("'Because courts favor trials on the merits, ... special care is taken to make certain that a party with a meritorious [claim] is not deprived of an adjudication because of counsel's failure to [act] timely. . . . Without an inquiry into the merits . . . the court would run the risk of cutting short an action that in all justice should be permitted to proceed in the absence of flagrantly egregious conduct by counsel.'") (quoting *Buck v. U.S. Dep't of Agric., Farmers Home Admin.,* 960 F.2d 603, 607 (6th Cir. 1992)).

Thus, on balance, the Court concludes that it is appropriate to extend the time for service and resolve this case on the merits. Service was perfected upon defendant on May 9, 2016, and the Court exercises its discretion to extend the time for service under Rule 4(m) until that date. Because the Court has extended the time for service, defendant's Rule 12(b)(2) and (b)(5) motion is denied.

## III. CONCLUSION

For the reasons contained herein, defendant's motion to dismiss is denied. (Doc. No. 16.) Defendant's motion to continue the exchange of initial disclosures is moot, and the Clerk is directed to terminate the motion. (Doc. No. 15.)

**IT IS SO ORDERED**.

Dated: March 24, 2017

                                      **HONORABLE SARA LIOI**
                                      **UNITED STATES DISTRICT JUDGE**